IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VICTOR ANDREW APODACA,<br>TDCJ-CID No. 2143720,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§     2:24-CV-93-Z-BR<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR HABEAS CORPUS**

Petitioner Victor Andrew Apodaca filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the petition, the response, the record and applicable authorities, the Court concludes that Apodaca's habeas petition should be DENIED for the reasons set forth below.

### I. FACTUAL BACKGROUND

On June 29, 2017, a jury found Apodaca guilty of two counts of aggravated assault of a public servant, one count of evading arrest, and one count of making a terroristic threat. (ECF 22-26 at 14-21). The jury then sentenced him to 60 years of imprisonment for each count of aggravated assault, and 20 years of imprisonment for each count of evading arrest and making a terroristic threat. (*Id.*). The Seventh Circuit Court of Appeals affirmed the judgment of the trial court after correcting a clerical error in two judgments and ordering a corrected Bill of Costs and Order to Withdraw Funds. (ECF 21-26; *Apodaca v. State*, 2019 WL 922668 (Tex. App.—Amarillo Feb. 25, 2019)). On June 5, 2019, the Texas Court of Criminal Appeals refused his petition for discretionary review. (ECF 21-30).

On February 23, 2023, Apodaca filed an application for state writ of habeas corpus. (ECF

22-16 at 5). The application was denied without written order on September 27, 2023. (ECF 22-15). Apodoca filed this federal petition on March 8, 2024. (ECF 1 at 31); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). He amended two of his grounds for relief on April 16, 2025, with leave of the Court. (ECF 52). The government responded to Apodaca's petition on October 1, 2024, alleging that the petition is untimely. (ECF 25). Apodaca filed a Reply Brief on March 26, 2025, alleging that he is entitled to equitable tolling of the applicable statute of limitations. (ECF 51).

## II. LEGAL ANALYSIS

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date upon which the judgment of conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Apodaca's conviction became final on September 3, 2019, when the period for timely filing a petition for writ of certiorari with the Supreme Court expired. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when filed within 90 days after entry of judgment). Consequently, the one-year period for Apodaca to timely file a federal habeas petition expired on September 3, 2020, absent tolling.[1]

**A.     Statutory Tolling Does Not Apply.**

Apodaca filed a state habeas petition on February 23, 2023, which was outside the one-

---

[1] Apodaca does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, the provisions of §§ 2244(d)(1)(B)-(D) do not change the accrual date for his claims.

year statute of limitations for his federal habeas petition set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF 22-16 at 5). State habeas applications filed after expiration of the one-year limitations period do not statutorily toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Apodaca's art. 11.07 state habeas application was filed approximately 3.5 years after the one-year limitations period expired, he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

**B.     Equitable Tolling Does Not Apply.**

Apodaca claims he is entitled to equitable tolling of the limitations period. A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Equitable tolling applies principally when the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

First, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke*, 721 F.3d at 344. Apodaca blames his delay on his inability to obtain a complete transcript of his criminal trial. (ECF 51).

Apodaca alleges that he was denied a meaningful state appellate review because, he claims, the court reporter at his criminal trial tampered with key testimony, omitted the portion of the record in which one of state's primary witnesses recanted his false testimony, and destroyed portions of the record. (ECF 51 at 1-2, 4). Apodaca asserts that he has exhibited reasonable diligence by making numerous attempts to obtain the audio recording of his criminal trial, which would show that the court reporter provided an incomplete record and denied him meaningful appellate review. (*Id*. at 5). He further alleges that, from February 2019 to the present, he "has done his due diligence in seeking evidence, looking for help, [and] pursuing his innocence in being wrongly convicted." (*Id*. at 51).

Assuming Apodaca's allegations are true that the court reporter tampered with his trial record, this would not prevent Apodaca from timely filing his federal habeas petition. He could have asserted that the incomplete record violated his constitutional rights before September 3, 2020, as he does now. The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The missing record did not prevent Apodaca from timely filing his federal petition. Accordingly, Apodaca has not shown reasonable diligence in pursuing his federal habeas rights. Further, even if he had diligently pursued his federal post-conviction remedies, he still has not shown that "extraordinary circumstances" kept him from filing such that equitable tolling is applicable. The extraordinary

circumstances prong, as the term "extraordinary" suggests, will only rarely be met, *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009), and it is not met here.

Lastly, although Apodaca asserts that his trial counsel rendered ineffective assistance during his trial, he does not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Consequently, equitable tolling is unwarranted.

**C.     Actual Innocence.**

To the extent Apodaca seeks to assert actual innocence in an attempt to circumvent the statute of limitations, he does not meet the applicable standard. A showing of "actual innocence" can overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The actual innocence gateway, however, is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was

'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

As the U.S. Supreme Court explained,

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.

*Schlup*, 513 U.S. at 324 (internal citation omitted). Apodaca has provided no new reliable evidence of actual innocence that was not presented at his criminal trial. Assuming for the purposes of his motion that the court reporter at his criminal trial did provide an incomplete transcript, this fact alone is not evidence that Apodaca was actually innocent. Accordingly, he is not entitled to equitable tolling on this ground.

For the reasons stated above, Apodaca's request for equitable tolling should be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under Section 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Apodaca's Section 2254 motion on procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Apodaca is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the Apodaca's petition for a writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 3, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).